IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER SCOTT and PHYLLIS SCOTT,<br><br>Plaintiff,<br><br>vs.<br><br>VETERANS ADMINISTRATION CENTRAL CALIFORNIA HEALTH CARE SYSTEM, et al.,<br><br>Defendants. | 1:09cv0934 AWI DLB<br><br>FINDINGS AND RECOMMENDATION REGARDING DISMISSAL OF ACTION<br><br>(Document 8) |

On May 29, 2009, Plaintiffs Roger Scott and Phyllis Scott, proceeding pro se, filed the present medical malpractice action against Defendants Veterans Administration Central California Health Care System, Jacob Tarjoman, M.D., Gene Conley, M.D., and Does 1 to 10 ("Defendants"). On September 17, 2009, the Court issued an order to show cause why the action should not be dismissed for Plaintiffs' failure to serve the complaint and summons. The order directed Plaintiffs to file a response or file properly executed return of service forms within thirty days of the date of service of the order. More than thirty days have passed and Plaintiffs have not responded to the order or otherwise communicated with this Court.

## DISCUSSION

Local Rule 11-110 provides that "[f]ailure of counsel or of a party to comply with these Rules

1

or with any order of the Court may be grounds for imposition by the Court of any and all sanctions ... within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, ... dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. This case has been pending since May 29, 2009. To date, Plaintiffs have failed to serve the summons and complaint. Additionally, Plaintiffs failed to appear for the September 15, 2009, scheduling conference and failed to respond to the show cause order. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by

the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The Court's September 17, 2009, order to show cause expressly stated that failure to respond would result in a recommendation of dismissal of the action.  Thus, Plaintiffs had adequate warning that a recommendation of dismissal would result from non-compliance with the Court's order.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the action be dismissed for Plaintiffs' failure to follow the Court's order and failure to prosecute this action.

These Findings and Recommendations are submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **November 4, 2009**              /s/ **Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE